**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HENRY IVAN COGSWELL, | No. 14-55963 |
| Petitioner - Appellant, | D.C. No. 3:11-cv-01559-MMA-WVG |
| v. | |
| SCOTT KERNAN*, | MEMORANDUM** |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted April 6, 2016***
Pasadena, California

---

\*      Scott Kernan, the current secretary of the California Department of Corrections and Rehabilitation, has been automatically substituted for Jeffrey Beard, the former secretary.  *See* Fed R. App. P 43(c)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: FARRIS, TYMKOVICH[****], and M. SMITH, Circuit Judges.

Henry Ivan Cogswell was convicted in San Diego County Superior Court of sexually assaulting a woman named Lorene. He unsuccessfully sought relief on direct appeal and in state postconviction proceedings. He then filed a federal habeas corpus petition. The district court dismissed his petition and denied him a certificate of appealability. This Court granted Cogswell a COA on three of his claims. Cogswell has also briefed a fourth, uncertified, issue. We have jurisdiction under 28 U.S.C. § 2253. We affirm.

We review a district court's denial of habeas relief de novo. *Gonzalez v. Brown*, 585 F.3d 1202, 1206 (9th Cir. 2009). However, under the Anti-Terrorism and Effective Death Penalty Act, this Court may only grant habeas relief to a state prisoner if the last reasoned state court decision denying relief: (1) was contrary to, or an unreasonable application of, clearly established Supreme Court precedent; or (2) involved an unreasonable determination of the facts, in light of the state court record. 28 U.S.C. § 2254(d). If "'fairminded jurists could disagree'" on whether the state court was correct, then the state court's decision was not an unreasonable

---

[****] The Honorable Timothy M. Tymkovich, Chief Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

2

application of federal law. *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

The first certified issue is whether Cogswell's Sixth Amendment right to confrontation was violated when Lorene's preliminary hearing testimony was read into evidence. The last reasoned decision on this issue was by the California Supreme Court.

The California Supreme Court found that there was no Confrontation Clause violation since Lorene's preliminary hearing testimony fit into the exception for prior testimony of unavailable witnesses. *See Barber v. Page*, 390 U.S. 719, 722 (1968), *overruled on other grounds by Crawford v. Washington*, 541 U.S. 36 (2004). The California Supreme Court held that Cogswell had an opportunity to cross-examine Lorene at the preliminary hearing, and the prosecution made a good-faith effort to procure Lorene's presence at trial, but was unable to do so, making Lorene constitutionally unavailable. *See Barber*, 390 U.S. at 722–25.

The California Supreme Court noted that the prosecutor had Lorene served with subpoenas twice, but she ignored both of them. Lorene told the prosecution team that she was not going to come to California to testify. Lorene also said that she was being pressured by members of the deaf community, including the defendant's family members. She also said she had emotional issues with coming

back to court. It was not an unreasonable application of clearly established Supreme Court precedent to conclude that the prosecutor made a good-faith effort and that further efforts would have been futile. *See Ohio v. Roberts*, 448 U.S. 56, 74 (1980) (holding that the question of good-faith effort is a question of reasonableness, and a prosecutor is not required to do a futile act), *abrogated on other grounds by Crawford*, 541 U.S. 36. It was also reasonable for the California Supreme Court to conclude that the prosecutor was not required to take Lorene into custody in order to procure her attendance because she was the victim of a sexual assault and was unlikely to testify even if taken into custody.

Cogswell also argues that his opportunity to cross-examine Lorene at the preliminary hearing was inadequate because preliminary hearings are fundamentally different from trials. The United States Supreme Court has rejected this argument. *See Roberts*, 448 U.S. at 73 n.12 (holding that, in the absence of "extraordinary" circumstances, the opportunity for cross-examination at a preliminary hearing is sufficient to satisfy the cross-examination requirement); *see also California v. Green*, 399 U.S. 149, 165 (1970). It was not an unreasonable application of Supreme Court precedent for the California Supreme Court to likewise reject Cogswell's argument.

4

The second certified issue is whether Cogswell's Sixth Amendment right to an impartial jury was violated by a brief conversation between a juror and Detective Schaller, a witness in the case. *See Tong Xiong v. Felker*, 681 F.3d 1067, 1076 (9th Cir. 2012) (citing *Mattox v. United States*, 146 U.S. 140, 142 (1892) and *Remmer v. United States*, 347 U.S. 227, 228–29 (1954)) (stating that conversations between witnesses and jurors are misconduct and create a presumption of prejudice).

Cogswell made a motion for a new trial based on this conversation. The trial court granted an evidentiary hearing, where the detective, the juror involved in the conversation, and two other jurors testified. The trial court denied the motion for a new trial. The last reasoned decision on this issue was by the California Court of Appeal.

The California Court of Appeal found that there was a conversation, which was misconduct, but the conversation was very brief, and it was uncontested that no case information was actually shared. The California Court of Appeal also noted that only one of the jurors believed that this conversation impacted the verdict, and the trial court found that this juror had exaggerated his testimony and was not credible concerning the extent and impact of the contact. The California Court of Appeal reasonably deferred to the trial court's credibility determination,

5

and found that, despite the misconduct, Cogswell did not suffer any prejudice. This was not an unreasonable application of clearly established Supreme Court precedent on juror misconduct. *See Tong Xiong*, 681 F.3d at 1076 (stating that not all conversations between jurors and witnesses are prejudicial).

The third certified issue is whether the cumulative effect of the errors at Cogswell's trial violated his right to a fundamentally fair trial. *See Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007) (citing *Chambers v. Mississippi*, 410 U.S. 284, 298, 302–03 (1973)) (finding that the cumulative error doctrine is clearly established). In order for there to be a meaningful claim of cumulative error, the defendant must show at least two constitutional errors at his trial. *See id.* Since we have not found multiple constitutional errors, we cannot say that the state court acted unreasonably in denying this claim.

In addition to the three certified issues, Cogswell has briefed a fourth, uncertified, issue. Cogswell has argued that the introduction of evidence of his prior rape conviction, solely to show his propensity to rape, violated his right to due process.

We will only address uncertified issues if the petitioner makes a "substantial showing" that his constitutional rights were violated. *See* 9th Cir. R. 22-1(e); 28 U.S.C. § 2253(c)(2). Cogswell has not pointed this Court to any clearly

6

established Supreme Court precedent holding that the introduction of propensity evidence is unconstitutional. *See Estelle v. McGuire*, 502 U.S. 62, 75 n.5 (1991) ("[W]e express no opinion on whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime."); *Alberni v. McDaniel*, 458 F.3d 860, 863–67, 866 n.1 (9th Cir. 2006) (holding that the Supreme Court has not clearly established that the introduction of propensity evidence violates due process, and noting that the Supreme Court has denied certiorari on the issue at least four times). Cogswell has not made a substantial showing of a constitutional violation, and we will not expand the COA to consider this issue further.

    **AFFIRMED.**